UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE EMPIRE STATE CARPENTERS
WELFARE, PENSION, ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR MANAGEMENT
COOPERATION, and SCHOLARSHIP FUNDS,

                Plaintiffs,

        -against-

REIDMAN CONSTRUCTION CORP.,

                Defendant.
----------------------------------------------------------------X

**ORDER**
11-cv-4488 (ADS)(ARL)

**APPEARANCES:**

**Levy Ratner, P.C.**
*Attorneys for the Plaintiffs*
80 Eighth Avenue
8th Floor
New York, NY 10011-5126
      By: Owen M. Rumelt, Esq., of Counsel

**NO APPEARANCE:**

Reidman Construction Corp.

**SPATT, District Judge.**

      The Plaintiffs commenced this action on or about September 16, 2011, asserting claims for damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. On January 4, 2012, the Clerk of the Court noted the default of the Defendant Reidman Construction Corp. On February 8, 2012, the Plaintiffs moved for a default judgment. On February 11, 2012, the Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default

judgment should be granted, and if so, to determine what relief was appropriate, including reasonable attorney's fees and costs.

On August 13, 2012, Judge Lindsay issued a Report recommending that the Court enter default judgment against the Defendant. However, Judge Lindsay also found that the documentary evidence submitted by the Plaintiffs was insufficient to provide the basis for an award of damages. In particular, she noted that the Plaintiffs had not provided the Court with a copy of the relevant portions of the Agreements, making it impossible for the Court to ensure that there is a reasonable basis for the damages sought by the Plaintiffs. Accordingly, Judge Lindsay recommended that the Plaintiffs' motion for an award of damages against Reidman be denied without prejudice to a renewal thereof upon submission of a signed collective bargaining agreement between the parties for the relevant period and proper affidavits and/or declarations referencing the pertinent provisions of the Agreements which support an award of damages in this case. To date, no objection has been filed to Judge Lindsay's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Lindsay's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Lindsay's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that a default judgment is to be entered against the Defendant, and it is further

**ORDERED** that the Plaintiffs' motion for an award of damages against Reidman is denied without prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
September 11, 2012

             ___/s/ Arthur D. Spatt_____
              ARTHUR D. SPATT
              United States District Judge