**FILED**
**CLERK**
8/15/2013 1:05 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
TRUSTEES OF THE EMPIRE STATE CARPENTERS WELFARE, PENSION, ANNUITY, APPRENTICESHIP, CHARITABLE TRUST, LABOR MANAGEMENT COOPERATION, and SCHOLARSHIP FUNDS,

                Plaintiffs,

       -against-

REIDMAN CONSTRUCTION CORP.,

                Defendant.
----------------------------------------------------------------X

**ORDER**
11-cv-4488 (ADS)(ARL)

**APPEARANCES:**

**Levy Ratner, P.C.**
*Attorneys for the Plaintiffs*
80 Eighth Avenue
8th Floor
New York, NY 10011-5126
       By: Owen M. Rumelt, Esq., of Counsel

**NO APPEARANCE:**

Reidman Construction Corp.

**SPATT, District Judge.**

      The Plaintiffs commenced this action on or about September 16, 2011, asserting claims for damages pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. On January 4, 2012, the Clerk of the Court noted the default of the Defendant Reidman Construction Corp. On February 8, 2012, the Plaintiffs moved for a default judgment. On February 11, 2012, the Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default

judgment should be granted, and if so, to determine what relief was appropriate, including reasonable attorney's fees and costs.

On August 13, 2012, Judge Lindsay issued a Report recommending that the Court enter default judgment against the Defendant. However, Judge Lindsay also found that the documentary evidence submitted by the Plaintiffs was insufficient to provide the basis for an award of damages. Accordingly, Judge Lindsay recommended that the Plaintiffs' motion for an award of damages against Reidman be denied without prejudice to a renewal thereof upon submission of a signed collective bargaining agreement between the parties for the relevant period and proper affidavits and/or declarations referencing the pertinent provisions of the Agreements which support an award of damages in this case. No objection was filed to Judge Lindsay's Report and Recommendation.

On September 11, 2012, the Court adopted Judge Lindsay's Report and Recommendation in its entirety. On January 15, 2013, the Clerk of the Court entered a default judgment against the Defendant. On January 24, 2013, the Plaintiffs filed a renewed motion, supported by new documentation, for an award of damages.

On July 11, 2013, Judge Lindsay issued a Report recommending that the Plaintiffs be awarded (1) $2,489.44 for delinquent contributions, (2) $316.79 in interest accrued on the delinquent contributions, (3) $497.89 in liquidated damages, (4) $1,510.00 for the cost of the audit, and (5) $1,765.00 in attorneys fees and costs, totaling $6,579.12, plus (6) additional interest accrued on the contributions at a rate of $.22 per day from March 2, 2012 through the date of entry of judgment.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Lindsay's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Lindsay's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Plaintiffs' motion for an award of damages against Reidman is granted in the amount recommended by Judge Lindsay, namely (1) $2,489.44 for delinquent contributions, (2) $316.79 in interest accrued on the delinquent contributions, (3) $497.89 in liquidated damages, (4) $1,510.00 for the cost of the audit, and (5) $1,765.00 in attorneys fees and costs, totaling $6,579.12, plus (6) additional interest accrued on the contributions at a rate of $.22 per day from March 2, 2012 through the date of entry of judgment.

Case Closed.
**SO ORDERED.**

Dated: Central Islip, New York
August 15, 2013

                                             *Arthur D. Spatt*
                                             ARTHUR D. SPATT
                                         United States District Judge